OPINION
On April 14, 1998, the plaintiff, Joseph B. Doctor, filed a motion which provides, in its entirety, as follows:
 Now comes plaintiff, by and through counsel, who would show this court as follows:
 BRANCH ONE 1. Since the last determination of child support and spousal support for this matter, the plaintiff's income has been reduced significantly.
 2. Plaintiff's income is insufficient to allow him to meet his current child support and spousal support allegations;
 BRANCH TWO 1. Plaintiff incorporates herein, as fully rewritten herein, all allegations set forth in Branch One of his motion immediately above;
 2. Plaintiff's income has been reduced to such a degree that he is unable to comply with the court's order in this matter requiring payment of arrearage in child support and spousal support.
Wherefore, plaintiff prays as follows:
 A. As to Branch One, that the child support be reduced commensurate with the guidelines adopted by the State of Ohio and that his spousal support be reduced commensurate with his ability to generate income and defendant's needs;
 B. As to Branch Two, that he be relieved from paying the arrearage in this matter in the fashion previously ordered;
 C. As to both Branches, that he receive such other and further relief that he may be entitled to in the hearing of this cause.
Subsequently, the trial court conducted a hearing and entered a decision relative to Branch One of the motion, but in the same entry, the court continued the matter as it pertained to Branch Two of the plaintiff's motion. Thereafter, the plaintiff filed a notice of appeal from the judgment so entered, but the judgment, not being final and appealable, was dismissed by this court.
Upon remand of the cause to the trial court, the parties settled the issues raised by the second branch of the motion, and an agreed entry, approved by the court, was filed in the action on May 12, 1999. The plaintiff, Joseph Doctor, thereupon filed another notice of appeal on June 1, 1999 from the judgment entry of September 15, 1998, and the cause is now before this court for further review.
In the appeal, the appellant has set forth two assignments of error, the first of which has been stated as follows:
 1. THE TRIAL COURT ERRED IN CONSULTING AN ACCOUNTANT BEYOND THE SCOPE OF THE EVIDENCE PRESENTED AT THE HEARING TO DETERMINE APPELLANT'S INCOME.
Here, the judgment entry shows, and the parties apparently agree, that the decision of the trial court of September 15, 1998 was based partially, at least, upon a report of, and consultation with, one Ron Russell, a certified public accountant, who was not called as a witness by either party to the pending motion. Furthermore, it does not appear that either party was afforded an opportunity to examine or cross-examine Mr. Russell as to the nature and content of his report.
In its judgment entry, the trial court noted that "the financial information was requested by the court in an effort to understand the complexities of the plaintiff's various financial entities", but the appellee argues herein that the report submitted by Russell to the court on December 4, 1997 was "harmless" within the contemplation of Civ.R. 61.
In determining child and spousal support, the trial court undoubtedly has broad discretion, and ordinarily, such a determination will not be disturbed in the absence of a clear showing of an abuse of discretion. However, it is also fundamental that the trial court is not permitted to go outside the record to consider facts and figures not in evidence, and at this juncture, no one can gauge the impact which the evidence submitted by Ron Russell may have had upon the ultimate determination of child and spousal support. Hence, the first assignment of error is well made.
The second assignment of error has been submitted by the appellant as follows:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DETERMINING THE APPELLEE'S INCOME TO BE ZERO FOR PURPOSES OF DETERMINING CHILD AND SPOUSAL SUPPORT.
In essence, the appellant claims that the finding of the trial court as to the net income of the appellee is against the weight of the evidence, but the evidence, while lacking in detail, is susceptible to the finding made by the trial court. In other words, the record fails to disclose an "abuse of discretion," as that term is defined in law, and in any event, the issue raised by this alleged error may be explored by the parties further upon remand of the case. The second assignment of error is overruled.
However, the judgment, being based in part upon extraneous evidence, must be reversed, and the cause remanded to the trial court for further proceedings.
BROGAN, J., and YOUNG, J., concur.
(HON. JOSEPH D. KERNS, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).